## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM MOUDY, SR., and ) <br> CAROL A. MOUDY, husband and ) <br> wife, ) <br>   ) <br> Plaintiffs, ) <br>   ) <br> v. ) <br>   ) <br> GENERAL ELECTRIC COMPANY and/or ) <br> GENERAL ELECTRIC CORPORATION, ) <br>   ) <br> Defendant. ) | 02: 07cv818 |

## ORDER OF COURT

The defendant General Electric Company removed this matter from the Court of Common Pleas of Allegheny County, Pennsylvania on June 8, 2007. Defendant's counsel was served with the Complaint on or about May 11, 2007. In its Notice of Removal, defendant states that it "reasonably believes that the matter in controversy will exceed the sum of $75,000, exclusive of interests and costs." Notice of Removal, ¶ 4 (Document No. 1). However, in their Complaint, Plaintiffs request judgment against Defendant "in excess of the jurisdictional limits of the Board of Arbitrators" of the Court of Common Pleas of Allegheny County. *See Complaint, ad damnum clause.*

The removal statute, 28 U.S.C. § 1441, must be strictly construed to honor the intent of Congress to restrict federal diversity jurisdiction. *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). When the parties are citizens of different states, district courts will exercise jurisdiction over a removed case if the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The removing party bears the burden of proving to a legal certainty that federal jurisdiction subject matter exists. *Samual-Bassett,* 357 F.3d at 396.  The

Court has the obligation to raise the question of subject matter jurisdiction *sua sponte* if it appears to the Court that the matter before it falls outside of the limited jurisdiction of the federal courts. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998).

**AND NOW**, this 22nd day of June, 2007, it is hereby

**ORDERED** that on or before **July 6, 2007**, the parties shall show cause why this action should not be remanded to the Court of Common Pleas of Allegheny County, Pennsylvania, because of the questionable subject matter jurisdiction in that the amount in controversy does not appear to exceed $75,000.  28 U.S.C. § 1332.

It is further **ORDERED** that if plaintiffs contend that this Court does not have subject matter jurisdiction because the amount in controversy does not exceed $75,000, then on or before **July 6, 2007**, plaintiffs shall also file a certificate stating that they are willing to irrevocably remit all damages in excess of $75,000, the jurisdictional threshold, should this action be remanded to the Court of Common Pleas of Allegheny County, Pennsylvania.

BY THE COURT:

/s Terrence F. McVerry
United States District Court Judge

cc:     Brendan B. Lupetin, Esquire
        Portnoy & Quinn
        Email: blupetin@epqlawyers.com

        John E. Quinn, Esquire
        Portnoy & Quinn
        Email: jquinn@epqlawyers.com

        Timothy J. Burdette, Esquire
        Email: tjb@burdettelaw.net