# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM MOUDY, SR., and CAROL A. MOUDY, husband and wife, | ) ) ) |
| Plaintiffs, | ) 2:07-cv-818 ) ) |
| v. | ) ) |
| GENERAL ELECTRIC COMPANY and GENERAL ELECTRIC CORPORATION, | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM ORDER

Pending before the Court are the following cross-motions for summary judgment: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Document No. 22) and GENERAL ELECTRIC'S MOTION FOR SUMMARY JUDGMENT BASED ON ABSENCE OF DUTY (Document No. 27). The motions have been thoroughly briefed and are ripe for disposition.[1]

Factual Background

The Court will summarize the facts as set forth by Plaintiffs. William Moudy was employed as a mobile maintenance person for Reliant Energy, Inc. ("Reliant"). In March 2004, Reliant shut down its Shawville power plant for the purpose of performing regularly scheduled maintenance. Reliant entered into a contract with Defendant General Electric Company and/or

---

[1] Also pending is Defendant's MOTION TO STRIKE PLAINTIFFS' "CONCISE STATEMENT OF UNDISPUTED FACTS" (Document No. 30). This Motion is **DENIED AS MOOT** in light of the subsequent filing of Plaintiff's Amended Concise Statement of Undisputed Material Facts (Document No. 35). Moreover, it is apparent that there are no genuine issues of material fact with respect to the dispositive legal issue, i.e., whether or not Defendant owes a duty to Plaintiff.

General Electric Corporation ("GE") to provide a field engineering representative on-site during the maintenance shutdown. The contract defined the field engineering services that GE was to provide to Reliant as follows:

> Field Engineering: This service is defined as technical advice and counsel from Field personnel based on good engineering, manufacturing, installation and operation practices as applicable to the equipment. To the extent specified during performance of work, such services may also include testing, adjustment, programming and other similar services. Field Engineering Service does not include supervision or management of Purchaser's employees, agents, or other contractors.

John Golembiewski was the GE field engineer assigned to this project. Golembiewski testified that his role was to answer questions and to provide technical expertise. The Reliant personnel in charge of the maintenance work were J.R. Hollis and Dave Sheasley.

As part of the project, Moudy was assigned to work on the impeller of an oil pump that was manufactured by GE and sold to Reliant some fifty years earlier. Moudy testified that the day before he was to work on the oil pump, he asked Golembiewski for copies of a blueprint or other design drawings of the oil reservoir and for a "repair and replace" procedure. Golembiewski told Moudy that the documents constituted confidential GE business information and refused to let Moudy take copies of such information out of the office.

Moudy suffered a work-related injury on March 4, 2004. While Moudy was inspecting the impeller, a heavy steel spacer ring dislodged and struck him in the forehead. The design of the impeller in question was unique in that it appeared that the spacer ring was fastened to the impeller by several bolts when in reality it was tenuously held by only an oil seal. The peculiar design and risk associated with it was known by Defendant and never divulged to Moudy.

2

Standard of Review

>Rule 56(c) of the Federal Rules of Civil Procedure reads, in pertinent part, as follows:
>
>[Summary Judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

In interpreting Rule 56(c), the United States Supreme Court has stated:

>The plain language . . . mandates entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).

An issue of material fact is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must view the facts in a light most favorable to the non-moving party, and the burden of establishing that no genuine issue of material fact exists rests with the movant. *Celotex*, 477 U.S. at 323. The "existence of disputed issues of material fact should be ascertained by resolving all inferences, doubts and issues of credibility against the moving party." *Ely v. Hall's Motor Transit Co.*, 590 F.2d 62, 66 (3d Cir. 1978) (*quoting Smith v. Pittsburgh Gage & Supply Co.*, 464 F.2d 870, 874 (3d Cir. 1972)). Final credibility determinations on material issues cannot be made in the context of a motion for summary judgment, nor can the district court weigh the evidence. *Josey v. John R. Hollingsworth Corp.*, 996 F.2d 632 (3d Cir. 1993); *Petruzzi's IGA Supermarkets, Inc. v. Darling-Delaware Co.*, 998 F.2d 1224 (3d Cir.

1993).

When the non-moving party will bear the burden of proof at trial, the moving party's burden can be "discharged by 'showing' -- that is, pointing out to the District Court -- that there is an absence of evidence to support the non-moving party's case." *Celotex*, 477 U.S. at 325. If the moving party has carried this burden, the burden shifts to the non-moving party, who cannot rest on the allegations of the pleadings and must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Petruzzi's IGA Supermarkets*, 998 F.2d at 1230. When the non-moving party's evidence in opposition to a properly supported motion for summary judgment is "merely colorable" or "not significantly probative," the court may grant summary judgment. *Anderson*, 477 U.S. at 249-250.

Legal Analysis

The parties have agreed to bifurcate this case so that the issue of whether or not GE owes a legal duty to Moudy may be resolved first. If the Court concludes that GE does not owe a duty to Moudy, then Moudy's negligence claim must fail as a matter of law. Under Pennsylvania law, the determination of whether a duty exists is a matter for the Court and depends on the relationship between the parties. *Morena v. South Hills Health Sys.*, 462 A.2d 680 (Pa. 1983).

Plaintiff contends that GE, through its representative Golembiewski, had a duty to assist and warn Plaintiff, as a foreseeable third-party to the contract between GE and Reliant, of a less-than-obvious danger peculiar to the maintenance of GE's machinery, which was known by Defendant. Plaintiff cites *St. Clair v. B&L Paving Co.*, 411 A.2d 525 (Pa. Super. 1979), for the

proposition that mere compliance with a contract is no defense to a negligence action brought by a third-party because contracting parties owe a social duty to persons within the foreseeable orbit of risk of harm. *Id.* at 526 (citations omitted). Plaintiff argues that even though GE arguably upheld its contractual duties to Reliant, Golembiewski owed an additional duty to Plaintiff, over and above the contract, to: (1) provide directions, diagrams, manuals and schematics regarding the oil pump; and (2) to warn of any potential dangers associated with servicing the oil pump.

Defendant contends that it owes no duty to Moudy. GE argues that *St. Clair* is distinguishable because that case involved a party who undertook an affirmative action (repaving a road) which created a duty to third persons, whereas in this case, GE's representative did not engage in any affirmative conduct. In *St. Clair*, the defendant's repaving created a dangerous condition which contributed to the plaintiff's car crash. Defendant points out that in marked contrast to *St. Clair*, the gravamen of Moudy's theory in this case is that GE failed to act.

GE submits that the more analogous precedent is *Marshall v. Port Authority of Allegheny County*, 568 A.2d 931 (Pa. 1990). In *Marshall*, the Pennsylvania Supreme Court held that an engineering firm hired to supervise a bridge demolition project did not owe a duty to a worker who was injured during the work. The Court explained that although the engineering firm *could* have acted to prevent the accident, it had no *duty* to do so because the contract indicated that its "duties pertaining to jobsite safety were to be passive in nature, not involving a duty to continually oversee the jobsite and seek out safety hazards." *Id.* at 936-37.

The Court agrees with Defendant that the *St. Clair* decision is distinguishable. Indeed, the *St. Clair* Court prefaced its discussion of duty by stating: "Those **who undertake an activity** pursuant to a contract have both a self-imposed contractual duty and a 'social' duty imposed by

5

the law to act without negligence." 411 A.2d at 526 (emphasis added). Neither GE nor its employee Golembiewski undertook any affirmative activity that created a dangerous condition for Moudy. The Court further agrees with Defendant that the relationship between the parties in this case is analogous to that in *Marshall*. The GE-Reliant contract specifies that GE personnel would not have supervisory or management responsibilities. As in *Marshall*, GE's duties were passive in nature, i.e., providing "technical advice and counseling," and the contract did not impose a duty on GE to oversee the jobsite or seek out safety hazards.[2] In sum, pursuant to the law of Pennsylvania as articulated by the Pennsylvania Supreme Court, GE did not owe a duty to Moudy and therefore Plaintiffs' negligence claim must fail as a matter of law.

In accordance with the foregoing, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Document No. 22) is **DENIED** and GENERAL ELECTRIC'S MOTION FOR SUMMARY JUDGMENT BASED ON ABSENCE OF DUTY (Document No. 27) is **GRANTED**. Judgment will be granted in favor of Defendants and against Plaintiffs.

SO ORDERED this 8th day of September, 2008.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

---

[2]The Court notes that Plaintiff has not attempted to distinguish or rebut *Marshall*.

cc: Brendan B. Lupetin, Esquire
Email: blupetin@epqlawyers.com
John E. Quinn, Esquire
Email: jquinn@epqlawyers.com

Timothy J. Burdette, Esquire
Email: tjb@burdettelaw.net